**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RIGOBERTO MEZA COTA; et al., | No. CV 09-2704-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; et al., | |
| Defendants. | |

On February 10, 2010, the Court issued the following Order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company); *Faysound Ltd. v. United Coconut Chems.*, 878 F.2d 290, 294 (9th Cir. 1989) (discussing that complete diversity is lacking when plaintiff and defendant are both foreign).
> Accordingly,
> **IT IS ORDERED** that by February 23, 2010, Plaintiffs (who are the parties asserting jurisdiction and therefore have the burden of pleading jurisdiction, *see Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)) shall file an amended complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.

Doc. #14.

Plaintiffs failed to file an amended complaint, and the Court dismissed this case, without prejudice, for lack of federal subject matter jurisdiction on March 2, 2010. Doc. #16. Now, Plaintiffs move for relief from judgment arguing that failing to respond to the Order

1 | was excusable neglect (Doc. #17). Further, Plaintiffs claim relief from judgment is
2 | warranted because they believe they can cure the deficiencies in jurisdiction by an amended
3 | complaint (Doc. #18). Defendant has responded and advised the Court that Defendant does
4 | not oppose either motion. However, the parties cannot stipulate to federal subject matter
5 | jurisdiction. *See e.g. Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d
6 | 691 (7th Cir. 2003).

Before the Court considers whether Plaintiff has met the test for relief from judgment under Rule 60(b)(1), the Court will consider whether the proposed amendment would be futile. The proposed amended complaint still fails to plead federal subject matter jurisdiction.

Specifically, in the Order quoted above, the Court identified two pleading failures with respect to jurisdiction. First, that a limited liability company is a citizen of every state in which a member is a citizen; and, second, that this Court lacks jurisdiction over suits between foreign nationals.

The amended complaint cures only the second failure by dismissing the foreign Defendant. However, it still pleads Bridgestone Firestone North American Tire, LLC, as an Ohio "corporation" with its principal place of business in Tennessee. Doc. #18-1 at 3. This is insufficient to plead the citizenship of a limited liability company. *Id.*; *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006). Thus, even if the Court permitted the amendment, the amended complaint still fails to plead federal subject matter jurisdiction. Because pleading jurisdiction is the only basis for the amendment, the amendment is futile. Therefore,

///
///
///
///
///
///

**IT IS ORDERED** that the motion to amend (Doc. #18) is denied as futile; and

**IT IS FURTHER ORDERED** that because the motion to amend has been denied; the motion for relief from judgment (Doc. #17) is denied as moot.

DATED this 11th day of March, 2010.

James A. Teilborg
United States District Judge